# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION



United States Courts
Southern District of Texas
FILED

APR 2 6 2017

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cr. No.: H-17-76 |
| | § | |
| DANIEL BART THEDINGER, | § | |
| Defendant | § | |

## Plea Agreement

The United States of America, by and through Abe Martinez, Acting United States Attorney for the Southern District of Texas, and Charles J. Escher, Assistant United States Attorney, and defendant, Daniel Bart Thedinger, and defendant's counsel, William Grimsinger, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.      Defendant agrees to plead guilty to the Criminal Information, which charges him with one count of tax evasion, in violation of Title 26, United States Code, § 7201.   Defendant, by

1

entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Information or proven to a jury or judge beyond a reasonable doubt.

## Punishment Range

2.     The statutory maximum penalty for each violation of Title 26, United States Code, § 7201 is a term of imprisonment of not more than five years and a fine of not more than $250,000.00.   Additionally, defendant may receive a term of supervised release after imprisonment of up to three years.  Title 18, United States Code, §§ 3559(a)(4) and 3583(b)(2).   Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then defendant may be imprisoned for up to two years on his term of supervised release, without credit for time previously served on the term of supervised release prior to such violation.   Title 18, United States Code, §§ 3559(a)(4) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3.     Pursuant to Title 18, United States Code, § 3013(a)(2)(A), immediately after sentencing, defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.  The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4.     Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.  Defendant's attorney has advised defendant of the potential immigration consequences resulting from defendant's plea of guilty.

## Waiver of Appeal and Collateral Review

5.      Defendant is aware that Title 28, United States Code, § 1291, and Title 18, United States Code, § 3742, afford defendant the right to appeal the conviction and sentence imposed.  Defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or to collaterally attack a conviction or sentence after the judgment of conviction and sentence has become final.  Defendant knowingly and voluntarily waives the right to appeal or to collaterally attack the conviction and sentence imposed, except that defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255.  In the event the defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6.      In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court.  Defendant is also

aware that any estimate of the possible sentencing range under the Sentencing Guidelines that he may have received from his counsel, from the United States, or from the U.S. Probation Office is a prediction, not a promise, did not induce his guilty plea, and is not binding on the United States, the U.S. Probation Office, or the Court. The United States does not make any promise or representation concerning the sentence defendant will receive. Defendant further understands and agrees that the U.S. Sentencing Guidelines are effectively advisory to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, defendant understands that, although the Court must consult the U.S. Sentencing Guidelines and must take them into account when sentencing defendant, the Court is not bound to follow the U.S. Sentencing Guidelines nor to sentence defendant within the calculated guideline range.

7.    Defendant understands and agrees that any and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this Plea Agreement.

## The United States's Agreements

8.    The United States agrees to each of the following:

(a)    At the time of sentencing, the United States agrees not to oppose defendant's anticipated request to the Court and to the U.S. Probation Office that he receive a two (2) level downward adjustment pursuant to section 3E1.1(a) of the United States Sentencing Guidelines, should defendant accept responsibility as contemplated by the Sentencing Guidelines;

(b)    If defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, the United States agrees not to oppose defendant's request for an additional one-level departure based on the timeliness of the plea or the expeditious manner in which defendant provided complete information regarding his role in the offense (if defendant's offense level is 16 or greater).

## Agreement Binding - Southern District of Texas Only

9.    The United States agrees that it will not further criminally prosecute defendant in the Southern District of Texas for offenses arising from conduct charged in the Criminal Information. This Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas and defendant. It does not bind any other United States Attorney. The United States will bring this Plea Agreement and the full extent of defendant's cooperation to the attention of other prosecuting offices if requested.

## United States' Non-Waiver of Appeal

10.     The United States reserves the right to carry out its

responsibilities under the Sentencing Guidelines.  Specifically, the

United States reserves the right:

    (a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the U.S. Probation Office in connection with that office's preparation of a presentence report;

    (b)     to set forth or dispute sentencing factors or facts material to sentencing;

    (c)     to seek resolution of such factors or facts in conference with defendant's counsel and the U.S. Probation Office;

    (d)     to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and Title 18, United States Code, § 3553(a); and

    (e)     to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

11.     Defendant is aware that the sentence will be imposed after

consideration of the Sentencing Guidelines, which are only advisory, as

well as the provisions of Title 18, United States Code, § 3553(a).

Defendant nonetheless acknowledges and agrees that the Court has

authority to impose any sentence up to and including the statutory

maximum set for the offense to which defendant pleads guilty and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court, and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the court order any or all of the sentences imposed to run consecutively, defendant cannot, for that reason alone, withdraw a guilty plea and will remain bound to fulfill all of the obligations under this Plea Agreement.

## Rights at Trial

12. Defendant understands that by entering into this Agreement, he surrenders certain rights as provided in this Plea Agreement. Defendant understands that those rights include the following:

(a) If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if defendant, the United States,

and the court all agree.

(b)    At a trial, the United States would be required to present witnesses and other evidence against defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, defendant could, but would not be required, to present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)    At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if defendant desired to do so, he could testify on his own behalf.

(d)    The defendant also has the right to have the United States Attorney present the charges in the Criminal Information to a Grand Jury, consisting of not less than 16 nor more than 23 impartial citizens, who would hear the facts of the case as presented by the United States Attorney and witnesses. The Grand Jury would return an indictment against the defendant only if 12 or more members of the Grand Jury found that there was probable cause to believe that the defendant committed the crimes charged in the Criminal Information.

## Factual Basis for Guilty Plea

13.    Defendant is pleading guilty because he is guilty of the charge contained in the Criminal Information. If this case were to proceed to trial, the United States could prove each element of the

offense beyond a reasonable doubt. The following facts, among others would be offered to establish defendant's guilt:

Daniel Bart Thedinger (Thedinger) willfully filed false joint U.S. Individual Income Tax Returns, IRS forms 1040, for years 2009, 2010, 2011, and 2012, failing to report a substantial amount of income, totaling over $700,000, on those four tax returns. The income Thedinger failed to report were the funds he diverted from two business partnerships over the years (but from only one partnership during 2012) to pay his personal expenses. Thedinger owned 99.75% of each of the two business partnerships. Thedinger's wife owned the remaining .25% of each business partnership.

Thedinger diverted funds from the partnerships by various methods. Thedinger sometimes used business checks to pay personal expenses. Sometimes he charged personal expenses on business credit cards and had the charges paid as though they were business expenses. Sometimes he submitted to the partnerships receipts for personal expenses that he claimed were business expenses and received reimbursement from the partnerships. Once he submitted to a

partnership as a business expense an invoice that was in, truth, for a personal expense.

The partnerships claimed the diverted funds as business expenses on the partnerships' U.S. Partnership Returns of Income, IRS forms 1065, filed for 2009, 2010, 2011, and 2012. The false business expenses on those partnership returns reduced the true amount of income of the partnerships for those years that flowed to Thedinger and were included on the Schedules E attached to Thedinger's IRS forms 1040 for 2009, 2010, 2011, and 2012. The total income or loss on Thedinger's Schedules E for those years were reflected on line 17 in the income portion of Thedinger's forms 1040.

An example of the funds Thedinger diverted from the business partnerships is as follows. Thedinger used business checks of one partnership in several years to pay private school tuition for his children and instructed his bookkeeper to treat the checks as expenses of the partnership for "Business Development."

Thedinger also instructed his bookkeeper to classify as "Subcontractor Expenses" for one partnership the costs involved in

renovating Thedinger's personal residence. These alleged business expenses included construction of a custom range and hood, interior decorating, ceramic tile installation, custom cabinetry, a new roof, a housekeeper, and carpentry work. Thedinger provided the bookkeeper with an invoice from a contractor for an alleged business expense that was, in truth, a personal expense. Thedinger also instructed his bookkeeper to classify as "Facilities Expenses" partnership funds he used to renovate a lake house owned by one of the partnerships but used for personal purposes.

In 2009, Thedinger provided a consultant in the United Kingdom partnership funds and asked the consultant to use those funds to pay Thedinger's personal expenses.

In 2012, Thedinger wrote six checks for $15,000 each from one of his two business partnerships to the consultant in the United Kingdom. To disguise these checks as payments for business expenses, Thedinger created a false invoice, allegedly from the consultant, that Thedinger gave to the bookkeeper. Thedinger then deposited the checks into his personal bank account without reporting any of the $15,000 checks at

any place on his 2012 joint U.S. Individual Income Tax Return.

Other examples of personal expenses that Thedinger claimed as partnership expenses include payments for vacations, sporting events, personal training, residential utilities, country clubs, dining, and clothing.

On his 2012 joint U.S. Individual Income Tax Return, the return underlying the single count in the Criminal Information, Thedinger reported Taxable Income (line 43) of only $355,322.00 when he knew full well that his correct Taxable Income for 2012 was approximately $649,613.00. Thedinger claimed a tax owed on his 2012 income tax return of only $107,361.00 (line 61) when he knew full well that he owed substantially more income taxes for 2012. Thedinger claimed a substantial false income tax refund for 2012 of $45,537.00 (line 74a) when Thedinger knew full well that he owed additional income taxes for 2012. Thedinger still owes approximately $86,192.00 in income taxes for his joint 2012 U.S. Individual Income Tax Year.

Thedinger agrees that the relevant conduct for purposes of sentencing in this case is $216,871.00. Thedinger agrees to pay

restitution to the IRS in this case of $216,871.00, calculated as follows. These restitution payments will be applied toward Thedinger's income tax liabilities for each respective year:

| Year | Amount |
|------|--------|
| 2009 | $65,318.00 |
| 2010 | $29,089.00 |
| 2011 | $36,272.00 |
| 2012 | $86,192.00 |
| **Total:** | **$216,871.00** |

Thedinger contacted the bookkeeper, Jill Williams, from the Southern District of Texas by e-mail or by phone when he instructed her to falsely classify certain expenses as business expenses of one of the partnerships in 2012. Thedinger was in the Southern District of Texas when he endorsed and deposited the $15,000 checks payable to the consultant of the partnerships as alleged business expenses. Thedinger contacted the bookkeeper, Jill Williams, from the Southern District of Texas by phone or by e-mail when he gave her his approval to file the false 2012 U.S. Individual Income Tax Return that she electronically filed with the IRS for him.

The above acts took place in the Houston Division of the Southern District of Texas and elsewhere.

## Breach of Plea Agreement

14.    If defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement and defendant's plea and sentence will stand.  If at any time defendant retains, conceals, or disposes of assets in violation of this Plea Agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.  Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution, Forfeiture, and Fines

15.    This Plea Agreement is being entered into by the United States on the basis of defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises

direct or indirect control or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest unless defendant obtains the prior written permission of the United States.

16.    Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) within 14 days of signing this plea agreement.  Defendant agrees to authorize the release of all financial information requested by the United States, including but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to defendant's complete financial disclosure.

17.    Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the

forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

18.     Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

## Restitution

19.     Defendant agrees to pay full restitution to the victim regardless of the count of conviction. As noted above, defendant agrees to pay restitution to the IRS in this case of $216,871.00. Defendant understands and agrees that the court will determine the amount of restitution to fully compensate the victim. Defendant agrees that restitution imposed by the court will be due and payable immediately and that defendant will not attempt to avoid or to delay payment.

20.     Defendant agrees to make his restitution payments to the Clerk of Court, including on each payment the defendant's name, social security number, the district court's docket number assigned this case, the tax periods to which the restitution has been ordered, and a

statement that the payment is being submitted pursuant to the Court's restitution order. The defendant shall also include with the restitution payment a request that the Clerk of Court send the information and restitution payment to the IRS at the following address:

> IRS-RACS
> Attn.: Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

The defendant also agrees to send a notice of any restitution payment made to the Clerk of Court to the IRS at the above address.

21.    Defendant agrees to sign any IRS forms deemed necessary by the IRS to enable the IRS to make an assessment of any amount ordered in restitution, including but not limited to IRS form 8821 entitled "Tax Information Authorization."

## Fines

22.    Defendant understands that under the Sentencing Guidelines the Court is permitted to order defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable

immediately, and defendant will not attempt to avoid or delay payment.

## Criminal Tax Loss and Civil Tax Liability

23.    Defendant understands that the amounts of relevant conduct (intended tax loss) and restitution found by the court in this criminal case do not limit the IRS in determining whether defendant owes any additional civil taxes, interest, or civil penalties on any of his U.S. Individual Income Tax Years.   Defendant understands that the IRS is free to civilly audit any of defendant's U.S. Individual Income Tax Years and to seek additional taxes, interest, or civil penalties for those income tax years.

24.    Defendant agrees not to file any claim for refund of any amount ordered or paid in restitution in this case.   Defendant further agrees not to file any action in a U.S. District Court, in the U.S. Tax Court, or in the U.S. Court of Federal Claims seeking a refund, offset, or other recovery of any amounts ordered or paid in restitution in this case.

25.    Defendant agrees to cooperate fully with the Internal Revenue Service in determining the correct tax liabilities of any U.S.

Individual Income Tax Returns, U.S. Partnership Returns of Income, or any other income tax returns involved in this case and in this investigation. Defendant agrees to make all books, records, and documents in his possession, custody, or control available to the Internal Revenue Service for use in computing all civil tax liabilities of any taxpayers.

26.     Nothing in this plea agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties, or interest due from any taxpayer. Defendant agrees that this plea agreement and any judgment, order, release, or satisfaction issued in connection with this plea agreement will not satisfy, settle, offset, or compromise defendant's obligation to the pay the balance of any civil liabilities, including additional taxes, penalties, or interest, on any of defendant's own U.S. Individual Income Tax Years.

### Press Release

27.     Defendant consents, under 26 U.S.C. § 6103(c), to the United States's disclosure of the contents of the entire public record of

this case to the news media in making a press release regarding defendant's conviction and sentence.

## Complete Agreement

28.    This written Plea Agreement, consisting of 24 pages, including the attached addendum of defendant and his attorney, constitutes the complete Plea Agreement between the United States, defendant, and his counsel.  No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement.  Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

29.   Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at Houston, Texas, this 26th day of April, 2017.

_____
Daniel Bart Thedinger
Defendant

Subscribed and sworn to before me on April 26, 2017.

David J. Bradley, Clerk
United States District Clerk

By: _____
Deputy United States District Clerk

APPROVED:

Abe Martinez
Acting United States Attorney
Southern District of Texas

_____
Charles J. Escher
Assistant U. S. Attorney
Southern District of Texas
Telephone: (713) 567-9716
Facsimile: (713) 718-3304

_____
William Grimsinger
Attorney for Daniel Bart Thedinger
712 Main St., Suite 1100
Houston, TX 77002
Tel: (713) 337-3762
Fax: (855) 812-4449

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § Cr. No.: H-17-76 |
| | § |
| DANIEL BART THEDINGER, | § |
| Defendant | § |

## Plea Agreement Addendum

I have fully explained to defendant his rights with respect to the pending Information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements, and I have fully and carefully explained to defendant the provisions of those Guidelines which may apply in this case. I have also explained to defendant that the Sentencing Guidelines are only advisory and the court may sentence defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter into this Agreement is an

informed and voluntary one.

_____    _____
William Grimsinger           Date 4/26/17
Attorney for Defendant

I have consulted with my attorney and fully understand all my

rights with respect to the Information pending against me.   My

attorney has fully explained, and I understand, all my rights with

respect to the provisions of the United States Sentencing Commission's

Guidelines Manual which may apply in my case.   I have read and

carefully reviewed every part of this Plea Agreement with my attorney.

I understand this Agreement and I voluntarily agree to its terms.

_____    _____
Daniel Bart Thedinger        Date 4/26/17
Defendant